OPINION OF THE COURT
Joseph C. Teresi, J.
Petitioners bring this combined CPLR article 78 and declaratory judgment action seeking a ruling that the method used by the Senate to withhold the maintenance of effort bill No. *399 3248 from presentment to the Governor constitutes a clear violation of specific constitutional and legal mandates.
Respondents move to dismiss the petition alleging the petition fails to state grounds for relief, the petition is nonjusticiable and that petitioners lack standing.
This court concludes that petitioners do have the requisite standing to maintain this action.
The facts of this case are uncomplicated. The maintenance of effort bill was passed by both the Senate (Mar. 8, 1994) and the Assembly (June 6, 1994), however the bill has not yet been presented to the Governor for his approval or veto. Petitioners maintain that article IV, § 7 of the New York Constitution and Rules of the Senate, rule IV, § 2 mandate such presentment. Article IV, § 7 of the New York Constitution provides: "Every bill which shall have passed the senate and assembly shall, before it becomes a law, be presented to the governor; if he approves, he shall sign it; but if not, he shall return it with his objections to the house in which it shall have originated, which shall * * * proceed to reconsider it * * * If any bill shall not be returned by the governor within ten days (Sundays excepted) after it shall have been presented to him, the same shall be a law in like manner as if he had signed it”. Rules of the Senate, rule IV, § 2 provides in relevant part that: "It shall be the duty of the Secretary to have the journals, bills, calendars, messages and other documents printed and distributed in the manner provided by law. He shall present to the Governor, and enter upon the journals, such bills as shall have originated in the Senate and shall have been passed by both houses. He shall, subject to the Rules of the Senate, transmit to the Assembly all bills or concurrent resolutions which have passed the Senate.”
Both petitioners and respondents rely heavily upon Matter of King v Cuomo (81 NY2d 247). This court has reviewed King and finds the factual situation to be quite different. In King the Legislature engaged in the practice of recalling bills a practice which was found to have no authority in the Constitution, and the Court held that: "The putative authority of the Legislature to recall a passed bill once it has been formally transmitted to the Governor 'is not found in the constitution’ (People v Devlin, 33 NY 269, 277). We conclude, therefore, that the practice is not allowed under the Constitution. To permit the Legislature to use its general rule-making powers, pertaining to in-house procedures, to create this substantive authority *400 is untenable. As this Court stated in Devlin '[w]hen both houses have * * * finally passed a bill, and sent it to the governor, they have exhausted their powers upon it’ ” (at 252). That Court also held that:
"The rule-making authority of article III, § 9 prescribes that '[e]ach house shall determine the rules of its own proceedings’ (emphasis added). Contrary to the assertion of the dissent, that authorization cannot justify rules which extend beyond the Legislature’s 'own proceedings’ and are inextricably intertwined with proceedings pending entirely before the Executive. These rules substantially affect Executive proceedings after the Legislature’s proceedings, with respect to a passed bill, have formally ended by transmittal of the the passed bill to the Governor’s desk.
"The challenged recall practice significantly unbalances the law-making options of the Legislature and the Executive beyond those set forth in the Constitution. By modifying the nondelegable obligations and options reposed in the Executive, the practice compromises the central law-making rubrics by adding an expedient and uncharted bypass. The Legislature must be guided and governed in this particular function by the Constitution, not by a self-generated additive (see, People ex rel. Bolton v Albertson, 55 NY 50, 55)” (at 251-252).
Unlike the King case (supra) this bill has not yet been presented to the Governor and the court is being asked to add a requirement to the Constitution in establishing a time frame for presentment. This court will not prescribe the specific manner in which the Senate must present a bill to the Governor and there has been no showing of a specific constitutional provision, statute or rule which mandates a time frame for the Senate.
Neither is judicial intervention appropriate in reviewing Rules of the Senate, rule IV, § 2 as no time frame is required there as to when the bill must be presented to the Governor and this court will not interfere with the Senate by mandating a time for presentation. As stated in New York Constitution, article III, § 9, "Each house shall determine the rules of its own proceedings.”
*401 Petitioners argue that respondent should be required to comply strictly with the constitutional mandate; however the Constitution does not mandate specifically when bills must be presented and this court believes that decision is best left to the Senate. Therefore, the petition fails to state grounds for relief and must be dismissed.